UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                   Case Number 02-20043
v.                                Honorable David M. Lawson

DAVID GOWARD,

          Defendant.

_____/

## ORDER DENYING MOTION TO WAIVE SUBSISTENCE PAYMENTS

Defendant David A. Goward presently is serving the final months of his custodial sentence at a residential re-entry center (RRC) known as Bannum Place.  RRCs are authorized by regulations promulgated under the authority of the Second Chance Act of 2007, which provides that the "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c).  The Act instructs the Bureau of Prions (BOP) Director to issue regulations to ensure that such centers are habitable and governed in a manner to achieve congressional goals. *Ibid.*

Under BOP Program Statement 7300.09, Community Corrections Manual, all prisoners who transfer to an RRC as part of their pre-release transition programming are required to participate in the Subsistence Program.  To promote financial responsibility and offset the cost of incarceration, the Bureau requires inmates to make subsistence payments to contractors operating the RRC.  The contractor agreement is contained in a statement of work (SOW).  The SOW currently in effect directs contractors to collect 25% of an employed inmate's weekly gross income not to exceed the

daily inmate-day rate. Program Statement 7300.09, § 5.13.1; RRC SOW at 49 (Aug. 2007). However, the SOW also allows a contractor to request waiver of the subsistence payment obligation "[i]n cases of hardship." RRC SOW at 50. And if a court orders waiver of the subsistence payments, "the CCM [Community Corrections Manager] shall comply with the court's order." Program Statement 7300.09 § 5.13.1. The CCM is instructed to evaluate hardship "on a case-by-case basis . . . consider[ing] debts, assets, employment status and spending history." RRC SOW at 50.

Defendant Goward has submitted a request to the Court to waive the subsistence payment. He says he will be released next month, he is in dire financial straits, and he needs the money to fix up his house so he has a place to live after he is discharged. He says he submitted a request to his case manager at Bannum, but she refused to pass it along or evaluate it.

The Court received Mr. Goward's request in letter form and docketed it as a motion. The Court then forwarded it to the attorney for the government and the probation officer, with instructions to forward it in turn to the director of Bannum Place, Amos O'Neal. Mr. O'Neal reported that Mr. Goward made a request to him to waive subsistence payments on October 20, 2009. At that time, the defendant was earning a maximum of $59.20 per week and subsistence was paid in the amount of $14.00 per week. Mr. O'Neal did not believe this amount would have any major impact on the defendant's ability to meet other expenses, so he did not recommend the waiver to the BOP CCM office. Goward's request was denied the same day it was made.

During the second week of November 2009, Mr. Goward began working for the Salvation Army as a bell ringer and has been making much better money. Between October 1 and December 4, 2009, Mr. Goward has earned $1063.38 and has paid $259.00 in subsistence. The increased

income will assist him in meeting his other financial obligations, including the subsistence payments. Mr. O'Neal does not believe the defendant has demonstrated a case of extreme hardship that would warrant waiving the subsistence payments. Investigating Mr. Goward's statement that he will not have any place to live if he is unable to make repairs on his house, O'Neal spoke to the defendant's mother, Lynda Goward, on December 3, 2009, and she advised him Mr. Goward could live with her when he is released from Bannum Place.

The Court agrees that the hardship showing in this case is inadequate. The Court also is mindful that the subsistence payment requirement serves the twin purposes of promoting inmate responsibility and defraying the cost of community reentry programs. Where extreme financial hardship defeats those purposes, a waiver is a sensible action. However, when an inmate is able to pay, the requirement of subsistence should be sustained to further the BOP's pursuit of its corrections mission. Unless an inmate makes a convincing showing that a hardship exists, he should be required to pay for his own upkeep in the interest of cultivating a sense of personal responsibility, thereby contributing to the "adjust[ment] and prepar[ation] for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

The defendant's request to waive subsistence payments, construed as a motion [dkt #379], is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2009.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO