UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID GOWARD,

               Petitioner,                      Criminal Case Number 02-20043
                                                        Civil Case Number 10-11004
v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA,

               Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner David Goward was convicted at trial of drug and weapons offenses and sentenced to prison, ultimately, for 102 months. His convictions were affirmed on appeal, and his sentences were adjusted after remand from the court of appeals. Now before the Court is the petitioner's motion to vacate the sentence filed under 28 U.S.C. § 2255, in which he alleges a variety of errors and contends that he received ineffective assistance of counsel from his trial attorney. The government filed a response. The Court finds that the legal errors the petitioner alleges ought not be reviewed in this post-conviction motion because he could have raised them on direct appeal and did not. The Court also concludes that the petitioner was not prejudiced by the performance of his trial attorney. Therefore, the Court will deny the motion to vacate sentence.

I.

Petitioner David Goward's convictions resulted from an investigation conducted by the Bay Area Narcotics Enforcement Team (BAYANET) in the summer of 2002. At that time, BAYANET officers went to the residence of Dan Novak following a lead they received about marijuana trafficking. After being questioned by the officers, Novak agreed to act as an informant on a marijuana trafficking operation run by Armondo Contreras and Goward.

Novak informed officers that Contreras and Goward arranged for truck loads of marijuana to be shipped from Texas to Michigan. On at least two occasions, Novak allowed Contreras to deliver the truck loads of marijuana to Novak's place of employment in Saginaw, Michigan. According to Novak, Goward was present to help unload the marijuana on the second delivery. Novak subsequently helped BAYANET officers make controlled buys of marijuana from Goward and Contreras.

Afterward, Novak told officers that Contreras and Goward were planning another delivery of a large truck load of marijuana from Texas to Novak's place of employment in Saginaw. BAYANET officers set up video surveillance, and on August 14, 2002 they observed a truck pull into Novak's workplace. The officers arrested Contreras and another co-defendant as they were unloading bricks of marijuana. Goward, who was employed as a part-time mail carrier, was arrested while on his mail route later that day.

Soon after Goward's arrest, officers obtained a search warrant from a state magistrate for Goward's residence in Burt, Michigan. The ensuing search of Goward's home turned up thirteen pounds of marijuana, $60,000 in cash, firearms, and over 400 pieces of undelivered mail. On August 28, 2002, federal authorities issued a warrant for Goward's arrest.

On September 25, 2002, a grand jury returned a seven-count indictment against Goward and two others. Seven others were added later by superseding indictments. Ultimately, Goward was charged with (1) conspiracy to distribute 1000 kilograms or more of marijuana; (2) possession of 100 kilograms or more of marijuana with intent to distribute; (3) distribution of marijuana; (4) possession of marijuana with intent to distribute; (5) possession of a firearm during a drug trafficking crime; (6) being a felon in possession of firearms; and (7) embezzlement of U.S. mail by

-2-

a postal employee.  Attorney Philip Sturtz initially was appointed to represent him.  A short time later attorney William Brisbois substituted in place of Sturtz, and on June 12, 2003 attorney Rodney O'Farrell was retained and appeared for the petitioner.

On January 29, 2003, the petitioner filed a motion to suppress evidence seized from several locations that he owned and that had been searched following his arrest in August 2002.  The government filed a response, and the Court held an evidentiary hearing.  On August 8, 2003, the Court filed an opinion and order denying the motion.

Trial was conducted from April 6 through 16, 2004.  The jury convicted the petitioner of (1) conspiracy to distribute 100 or more but less than 1000 kilograms of marijuana; (2) distribution of marijuana on July 12, 2002; (3) possession of marijuana with intent to distribute on August 14, 2002; (4) being a felon in possession of firearms; and (5) embezzlement of U.S. mail by a postal employee.  The jury acquitted him of another drug possession charge and possession of a firearm in furtherance of a drug trafficking offense.

On December 15, 2004, the Court sentenced the petitioner to 121 months imprisonment.  The petitioner appealed, raising two issues: (1) the district court erred in denying his motion to suppress evidence seized during the search of his residence and (2) his case should be remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005).  On July 13, 2006, the court of appeals affirmed the convictions, and vacated his sentence and remanded for resentencing in light of *Booker*.  The Court imposed a 110-month sentence after remand, which Goward appealed, and the court of appeals remanded again.  On May 27, 2009, the Court resentenced Goward to a custody term of 102 months.  Goward appealed once again and the sentence was affirmed.

-3-

The petitioner filed his current motion under 28 U.S.C.§ 2255 on December 1, 2010.  The government responded on February 28, 2011.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).   "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either:  '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The petitioner's motion is not a model of clarity, but then again Goward is not trained in the law and he is proceeding *pro se*.  The motion itself is 32 pages, but it includes voluminous attachments that total 493 pages.  A careful reading of the motion discloses that the petitioner alleges that the government used or made false statements to convict the petitioner, the evidence was not sufficient to support the conviction, his sentence amounted to cruel and unusual punishment, he was the victim of selective prosecution, and the government failed to disclose exculpatory evidence.  The motion also includes a renewed request to suppress evidence seized by the government.  Finally, Goward contends that his trial counsel was ineffective.

Except for the last item, Goward's claimed errors are beyond the scope of review under section 2255.  They were not raised earlier during any of his three previous appeals, and the time to raise them has expired.  A claim that could have been raised on direct appeal generally is not

-4-

reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a section 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. Goward has alleged neither.

However, claims of ineffective assistance of counsel are properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997). Therefore, the Court will turn to those.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must

establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The petitioner's first complaint is that his attorney did not attempt to obtain a record of his prior 1990 felony conviction. The petitioner maintains that the sentencing judge told him that after five years, his right to possess a firearm would be restored, and therefore he relied on that statement when possessing a firearm. Even if that were true, however, the petitioner would not be entitled to relief. Goward's firearms rights are not restored automatically by operation of law. *United States*

-6-

*v. Hunter*, 4 F. App'x 295, 302 n.3 (6th Cir. 2001). Moreover, a "good faith" mistaken belief that civil rights have been restored provides no defense to the felon-in-possession charge. *Ibid.* Therefore, there is no way the petitioner could demonstrate prejudice from the alleged lapse by his trial attorney.

The petitioner next complains very generally that trial counsel did not investigate to unearth exculpatory evidence. The petitioner does not mention what evidence would have been found, but he does argue that prior statements and "numerous documents" could have been used to cross-examine the government's witnesses. He also criticizes his lawyer for failing to confront government witness Dan O'Hare with a cashier's check drawn from the petitioner's bank account.

It is not clear to the Court how any of that information would have had an impact on the factual issues at trial. Based on the Court's own observation, it appeared that attorney O'Farrell vigorously cross-examined the government's witnesses. And as for Dan O'Hare, he actually testified that the petitioner gave him $30,000 in cash, which was consistent with the evidence the petitioner would have had Mr. O'Farrell present. The fact that the money came from a bank account does not sanitize those proceeds. How the check otherwise would fit into the petitioner's defense remains unexplained. Goward concludes, without explanation, that the "error" was harmful. But "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a [section 2255] hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961) (citations omitted). The petitioner's conclusory allegations of ineffective assistance of trial counsel on that score are inadequate to support habeas relief. *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings); *see also Workman v. Bell*, 178 F.3d 759, 771

(6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief).

Goward next complains that Mr. O'Farrell failed to interview witnesses and presented no witnesses for the defense. He mentions the codefendant, Armando Contreras, as a likely candidate. However, Contreras had pleaded guilty already to conspiring with the petitioner to distribute more than 100 kilograms of marijuana. It is difficult to imagine what testimony he could have provided that would have benefitted the petitioner, and the petitioner has not suggested any. The failure to call a codefendant is best relegated to a strategic decision by trial counsel. That would not amount to deficient performance. In fact, decisions as to what evidence to present and whether to call certain witnesses are generally presumed to be a matter of trial strategy, although such decisions must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). The failure to call witnesses or present other evidence may constitute ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). The petitioner has not explained how any such decision would have impacted his trial.

Finally, the petitioner contends that Mr. O'Farrell let the cat out of the bag when he pointed out to the government a defect in the indictment that the petitioner had mentioned to O'Farrell earlier. The petitioner makes specific reference to count 7, the felon-in-possession count. However, the record indicates that count 7 was repeated without change from the initial indictment through the two subsequent iterations.

The Court cannot conclude that the petitioner was denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment.

III.

-8-

As noted earlier, the petitioner has raised multiple issues in his lengthy motion to vacate his sentence. All but one of them, however, are not reviewable in a section 2255 motion because they could have been raised on direct appeal, and the petitioner has demonstrated neither cause for failing to raise them, nor prejudice, nor actual innocence. His claims of ineffective assistance of counsel lack merit.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #395] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 1, 2012

<div style="border:1px solid black; background:#cccccc; padding:8px; width:50%; margin:auto;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>